10-5266-ag
Zheng v. Holder

BIA
A070 901 662

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of February, two thousand twelve.

PRESENT:
>      ROGER J. MINER,
>      REENA RAGGI,
>      SUSAN L. CARNEY,
>           *Circuit Judges.*

_____

JIN WU ZHENG,
>      *Petitioner,*

>      v.                                    10-5266-ag
>                                            NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
>      *Respondent.*

_____

FOR PETITIONER:      Michael Brown, Law Office of Michael Brown, New York, NY.

FOR RESPONDENT:      Tony West, Assistant Attorney General; John S. Hogan, Senior Litigation Counsel; Kiley L. Kane, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Jin Wu Zheng, a native and citizen of China, seeks review of a December 15, 2010, decision of the BIA denying his motion to reopen. *In re Jin Wu Zheng,* No. A070 901 662 (B.I.A. Dec. 15, 2010). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006)(per curiam). Here, the BIA did not abuse its discretion by denying Zheng's motion to reopen as untimely and number-barred, as it was his second motion to reopen and he filed it nearly eight years after his final order of removal. *See* 8 U.S.C. § 1229a(c)(7)(2006); 8 C.F.R. § 1003.2(c)(2)(2011).

Although the time limits on motions to reopen may be excused when the movant demonstrates changed country conditions, 8 U.S.C. § 1229a(c)(7)(C)(ii)(2006), the BIA reasonably concluded that only Zheng's personal circumstances had changed, as his claim was based on the fact that he began practicing Falun Gong in 2009. *See Wei*

2

*Guang Wang v. BIA*, 437 F.3d 270, 273-74 (2d Cir. 2006) (finding that the time limitation on a motion to reopen may not be suspended for a "self-induced change in personal circumstances" that is "entirely of [the applicant's] own making after being ordered to leave the United States").

Moreover, substantial evidence supports the BIA's determination that Zheng failed to establish that conditions in China had changed materially. Zheng's evidence of conditions in China, which consisted of a 2007 U.S. Department of State report, indicates that persecution of Falun Gong practitioners has been constant and ongoing since the time of his hearing in 1999. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (reviewing the BIA's factual findings regarding changed country conditions under the substantial evidence standard)*; see also* 8 U.S.C. § 1229a(c)(7)(C)(ii) (requiring "material" and previously unavailable evidence of "changed country conditions arising in the country of nationality").

The BIA also did not abuse its discretion in declining to credit Zheng's unauthenticated village notice regarding his Falun Gong practice because the agency previously had determined that Zheng was not credible. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146-48 (2d Cir. 2007) (holding that the BIA did not abuse its discretion in declining to credit

3

unauthenticated documents submitted with a motion to reopen where alien had been found not credible in the underlying asylum hearing); *see also Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) ("[A] single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence.").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
